## MFC of New York, Inc. v. Karpe

*David W. Knauer,* for plaintiff.
*Michael Muth,* for defendants.

THOMSON, *J.,* April 29, 1981—A number of preliminary objections have been filed to plaintiff's complaint in assumpsit and trespass, which we will determine herein forthwith.

Defendants' first objection is in the nature of a petition raising the defense of lack of capacity to sue, due to failure of plaintiff, a New York corporation, to register to do business in the Commonwealth pursuant to the Pennsylvania Business Corporation Law. It is admitted that plaintiff has never so registered in the Commonwealth. However, plaintiff contends that its activities within the Commonwealth fall within the following exceptions to this rule under the Business Corporation Law of May 5, 1933, P.L. 364, as amended, 15 P.S. § 2001, which provides that a foreign business corporation shall not be considered to be doing business within the Commonwealth by reason of carrying on any of the following activities:

"(5) Effecting sales through independent con-contractors:

"(6) Soliciting or procuring orders, whether by mail or through employes or agents or otherwise, and maintaining offices therefor, where such orders require acceptance without this Commonwealth before becoming binding contracts;

"(7) Creating as borrower or lender evidences of debt, mortgages and rights in real or security interest in personal property; . . .

"(9) Transacting any business in interstate or foreign commerce."

Upon review of the allegations of plaintiff's complaint, it would appear that this point is well taken. Plaintiff operates only in Pennsylvania to sell insurance contracts through independent contractors (such as defendants) which contracts must then be accepted by plaintiff at its New York office. Whether or not a "security interest in personal property" is created pursuant to subsection 7 of section 2001, or transacting any business in interstate or foreign commerce has occurred pursuant to subsection 9 thereof, it would appear that the activities of plaintiff which are the basis for the within lawsuit clearly are within the ambit of subsections 6 and 7. Hence, we find no basis for imposing a requirement on plaintiff to register to do business in Pennsylvania to maintain the within suit.

Defendants' second objection relates to the nonjoinder of an essential party, one Sabers, the insured, under the contract in question herein, and the alleged primary obligor to plaintiff. As defendant has now joined Sabers as an additional defendant, we consider this objection to be moot, and need discuss it no further.

Defendants next have moved to strike off the complaint as an inconsistent pleading not properly verified under Pa.R.C.P. 1024(b). We have examined plaintiff's complaint and feel that the allegations contained therein are clearly inconsistent, as certain counts allege that defendant, Irving Karpe, acted as agent for Karpe Insurance Service Co., and it has been alleged that Karpe acted on his own behalf. While such pleading is permitted, it is clear that under our rules there is a technical re-

quirement of a verification under such circumstances pursuant to the said Rule 1024(b). Adherence to this rule will cause no prejudice to the plaintiff, and will result in having a properly pled case before us; hence, we will direct hereafter that plaintiff comply with the said rule's mandates.

Finally, both the individual and corporate defendants have interposed demurrers to plaintiff's complaint, based on the inconsistent allegations therein, and based on lack of a contract between defendant and Irving Karpe as an individual, and lack of scienter on the part of defendant Karpe Insurance Service Co. We find these arguments to be fallacious, other than with regard to the inconsistency as alleged aforesaid. As the corporate defendant itself says in preliminary objection 17, "Plaintiff, in counts II, IV, VII and X alleged Defendant Irving S. Karpe entered into a contract with Plaintiff acting individually." This destroys the argument that no contract between plaintiff and Irving Karpe as an individual is pled herein. Also, we feel that by incorporation proper allegations are set forth which might, if proven, allow the recovery in tort against the proper defendant. We will, accordingly, dispose of these objections except as indicated aforesaid.

We issue herewith the following

## ORDER

And now, April 29, 1981, defendants' preliminary objections nos. one to six are hereby dismissed. Nos. seven to ten are hereby sustained, and nos. 11 to 19 are hereby dismissed, except insofar as they are consistent with nos. seven to ten aforesaid. Plaintiff is directed to file an amended complaint in conformity with this opinion and order within 20 days from date.